```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO

EDWARD L. WILLIAMS,              )    CASE NO. 1:09 CV 1386
                                 )
          Plaintiff,             )    JUDGE DAN AARON POLSTER
                                 )
     v.                          )
                                 )    MEMORANDUM OF OPINION
MICHAEL WEIGAND, et al.,         )    AND ORDER
                                 )
          Defendants.            )
```

On June 17, 2009, plaintiff pro se Edward L. Williams filed this 42 U.S.C. § 1983 action against Barberton Municipal Court Judge Michael Weigand, Barberton Prosecutor David Fish, the Ninth District Court of Appeals, and Attorney Edward T. Smith. The complaint alleges Williams was coerced into pleading guilty to a driving related offense in the Barberton Municipal Court. It is further alleged that Mr. Williams received a sentence with more jail time than was agreed. He seeks an order reversing his conviction and compensatory and punitive damages.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

The Supreme Court has held that, when an individual challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.

                                             */s/Dan Aaron Polster 7/23/09*
                                             DAN AARON POLSTER
                                             UNITED STATES DISTRICT JUDGE

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).